UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PHUONG DONG NGUYEN,

     Petitioner(s),

  v.

TODD BLANCHE, et al.,[1]

     Respondent(s).

CASE NO. C26-0917-KKE

ORDER ON HABEAS PETITION

 Petitioner Phuong Dong Nguyen is a citizen and national of Vietnam detained at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington.  Nguyen was taken into custody by U.S. Immigration and Customs Enforcement ("ICE") on January 16, 2025, and was ordered removed on August 6, 2025.  Having been detained for over seven months since his order of removal became final, Nguyen now seeks relief from this Court to: (1) order his release from immigration detention, (2) prevent his re-detention without a hearing, (3) prevent removal to a third country "without notice and meaningful opportunity to respond in compliance with the statute and due process in reopened removal proceedings", (4) bar removal to an unknown third country, and (5) bar re-detention unless the government obtains a valid travel document, provides the

---

[1] The Court substitutes Markwayne Mullin as the current Secretary of the United States Department of Homeland Security and Todd Blanche as the acting Attorney General of the United States.  Fed. R. Civ. P. 25(d).

ORDER ON HABEAS PETITION - 1

document to him and his counsel, and offers him the chance to leave on his own within two months. For the reasons stated below, the Court will grant Nguyen's habeas petition in part.

## I.   BACKGROUND

Petitioner Phuong Dong Nguyen, a citizen of Vietnam, fled the country to escape political persecution.  Dkt. No. 9 at 1.  On January 16, 2025, Petitioner entered the United States without being inspected, admitted, or paroled.  Dkt. No. 1 at 6; Dkt. No. 8 ¶ 4.  After determining that Petitioner had unlawfully entered the United States, Customs and Border Patrol ("CBP") arrested Petitioner.  Dkt. No. 8 ¶ 4.

On January 17, 2025, a Notice and Order of Expedited Removal was issued to Petitioner, who remained detained pursuant to that order.  Dkt. No. 8 ¶ 5.  On February 11, 2025, Petitioner was transferred to the NWIPC in Tacoma, Washington.  *Id.* ¶ 6.  Petitioner subsequently claimed a fear of return of return to Vietnam.  *Id.*  ¶ 7.  After making a positive credible fear determination, United States Citizenship and Immigration Services ("USCIS") issued Petitioner a Notice to Appear and scheduled full removal proceedings before an immigration judge ("IJ").  *Id.* ¶ 7.  On August 6, 2025, Petitioner was simultaneously ordered removed from the United States and granted withholding of removal to Vietnam.  *Id.* ¶ 9.  The parties waived any appeal of the order. *Id.*  It is undisputed that Petitioner is subject to a final order of removal, and remains detained, under 8 U.S.C. § 1231(a)(6).  Dkt. No. 1 at 7; Dkt. No. 7 at 1; Dkt No. 8 ¶ 13.

In a declaration in support of Respondents' return memorandum, Deportation Officer Yralees Melendez asserts that "[o]n or around September 2, 2025, Petitioner was served a notice of intent to remove him to Uganda." Dkt. No. 8 ¶ 10.  Additionally, ICE Enforcement and Removal Operations ("ERO") "intends to investigate" Petitioner's "familial relationships" with individuals in Japan and Australia, and further intends to "submit requests to both Japanese and Australian officials that they accept Petitioner upon his removal from the United States." *Id.*  Petitioner

asserts—and Respondents do not dispute—that "ICE has not provided evidence of a travel document" for any third country, and that "no [third] country has agreed to accept Mr. Nguyen." Dkt. No. 1 at 6. Petitioner has no criminal history in either Vietnam or the United States. Dkt. No. 9 at 1.

## II.    ANALYSIS

### A.    Legal Standard

#### 1.    *Habeas Jurisdiction*

To succeed on a habeas petition, a petitioner must show he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

#### 2.    *Legal Framework Governing Detention of Non-Citizens Subject to an Order of Removal*

Detention of noncitizens following an order of removal is governed by the INA. "When [a noncitizen] has been found to be unlawfully present in the United States and a final order of removal has been entered, the Government ordinarily secures the [noncitizen's] removal during a subsequent 90-day statutory 'removal period,' during which time the [noncitizen] normally is held in custody." *Zadvydas*, 533 U.S. at 682. During the 90-day removal period, the Government "shall detain" the noncitizen. 8 U.S.C. § 1231(a)(2)(A). Once the 90-day removal period ends, the Government may continue to detain certain noncitizens. *Id.* § 1231(a)(6). "[A noncitizen] ordered removed who is inadmissible …, removable[,] … or who has been determined by the Attorney

ORDER ON HABEAS PETITION - 3

General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period[.]" *Id.*

However, the INA does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal. *Zadvydas*, 533 U.S. at 699. "A statute permitting indefinite detention of [a noncitizen] would raise a serious constitutional problem [under] … [t]he Fifth Amendment's Due Process Clause." *Id.* at 690. Thus, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. The "presumptively reasonable" period for detention following a removal order is six months. *Id.* at 701.

In challenging detention through a habeas petition, the petitioner bears the initial burden of providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Once that showing is made, the Government "must respond with evidence sufficient to rebut that showing." *Id.* If the Government fails to meet its burden, then the noncitizen must be released from detention. *See Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018).

**B.    Petitioner's Continued Detention is Unlawful.**

Petitioner is entitled to the protections of the Due Process Clause. *Zadvydas*, 533 U.S. at 693. Having been detained for more than six months since his removal order became final, Petitioner's detention is not "presumptively reasonable." *Id.* at 701. Petitioner has met his burden to show that there is no significant likelihood of removal in the reasonably foreseeable future. He may not be removed to Vietnam, no third country has agreed to accept him, and the Government has stated only its "intent" to submit requests to certain countries to accept him. Dkt. No. 8 ¶ 10; Dkt. No. 7 at 4. Under these circumstances, Petitioner has satisfied his burden. *See, e.g.,*

ORDER ON HABEAS PETITION - 4

*Elshourbagy v. Bondi*, --- F. Supp. 3d ----, 2025 WL 3718993, at *4 (W.D. Wash. Dec. 23, 2025) (citing cases).

The burden now shifts to the Government to respond with evidence sufficient to rebut Petitioner's showing. *Zadvydas*, 533 U.S. at 701. Here, the Government has made no effort to do so, and does not dispute that: the six-month presumptively reasonable period has elapsed, an IJ has granted Petitioner withholding of removal to Vietnam, Petitioner cannot be removed to his home country, and that no third country has agreed to accept him. *See* Dkt. No. 7 at 2, 4–5. Moreover, the Government provides *no* argument or evidence to suggest that Petitioner's removal is reasonably foreseeable. To the contrary, the Government's brief repeatedly argues that Petitioner's removal is "speculative" such that no injunctive relief is warranted. Dkt. No. 7 at 6–7, 9. As such, the Government fails to meet its burden, and Petitioner is entitled to habeas relief under *Zadvydas*. The Court will therefore grant his petition.

**C.     The Court will Grant in Part Petitioner's Requests for Injunctive Relief.**

Petitioner also seeks prospective injunctive relief adjacent to his habeas petition seeking protection in the event ICE re-detains him or attempts to remove him to a third country in the future. Dkt. No. 1 at 8–19, 20–25. Specifically, he requests an order enjoining his removal to any third country where he is likely to face imprisonment or punishment upon arrival, or, in the alternative, requiring notice and an opportunity to respond before any third-country removal and an order requiring Respondents to hold a hearing before a neutral decisionmaker before re-detaining him in the future. *Id.* at 24–25. He additionally requests the Court enjoin his re-detention "unless" Respondents obtain a travel document, provide the travel document to him and his counsel, and offer him the opportunity to leave on his own within two months. *Id.* at 24.

Because Petitioner's claims invoke the Court's habeas and federal question jurisdiction, the Court may provide equitable relief on those claims if Petitioner meets the standard for a

ORDER ON HABEAS PETITION - 5

permanent injunction. *See Roman v. Wolf*, 977 F.3d 935, 941–42 (9th Cir. 2020). Indeed, this Court and many others have ruled that Respondents' third-country removal policy does not comport with due process and have ordered similar relief. *See, e.g., Kumar v. Wamsley*, --- F. Supp. 3d ----, 2025 WL 3204724, at *9 (W.D. Wash. Nov. 17, 2025); *Baltodano v. Bondi*, C25-1958RSL, 2025 WL 3484769, at *2 (W.D. Wash. Dec. 4, 2025); *Nguyen v. Bondi*, 2:25-CV-02024-TL, 2025 WL 3534168, at *7–10 (W.D. Wash. Dec. 10, 2025); *A.A.M. v. Andrews*, 1:25-CV-01514-DC-DMC (HC), 2025 WL 3685159, at *4–7 (E.D. Cal. Dec. 19, 2025). As detailed below, the Court will grant in part Petitioner's request for injunctive relief.

> 1. *Respondents must comply with federal regulations if Petitioner is re-detained.*

The re-detention of a noncitizen subject to a final order of removal is governed by 8 C.F.R. § 241.13. The regulation was "intended to 'provide due process protections to [noncitizens] following the removal period as they are considered for continued detention, release, and then possible revocation of release[.]'" *Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1163 (S.D. Cal. 2025) (quoting *Santamaria Orellana v. Baker*, CV 25-1788-TDC, 2025 WL 2444087, at *6 (D. Md. Aug. 25, 2025)). The regulation states, in part, that "[t]he Service may revoke [a noncitizen's] release under this section and return the [noncitizen] to custody if, on account of changed circumstances, the Service determines that there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future" or if the noncitizen "violates any of the conditions of release[.]" 8 C.F.R. § 241.13(i)(1)–(2). The regulation also provides that, "[u]pon revocation [of an OSUP], the [noncitizen] will be notified of the reasons for revocation of his or her release," and that there will be "an initial informal interview promptly after his or her return to Service custody to afford the [noncitizen] an opportunity to respond to the reasons for revocation stated in the notification." 8 C.F.R. § 241.13(i)(3). The regulation further requires that "[t]he revocation custody review will include an evaluation of any contested facts relevant to the

ORDER ON HABEAS PETITION - 6

revocation and a determination whether the facts as determined warrant revocation and further denial of release." *Id.*

Given Respondents' well-documented and widespread failures[2] to comply with 8 C.F.R. § 241.13(i)(3), Petitioner's concerns regarding re-detention without process are not speculative. These concerns are heightened by the additional evidence provided in Tin Thanh Nguyen's declaration that Vietnamese individuals who have been released pursuant to habeas petitions have since been re-detained by ICE before their travel documents have been obtained, and that third-country removals to Eswatini and South Sudan have occurred before ICE submitted travel document requests to the target removal country.[3]  Dkt. No. 1-2 ¶¶ 15, 19, 30.

The Government does not dispute that 8 C.F.R. § 241.13(i) would govern any future revocation of Petitioner's release.  Dkt. No. 7 at 5–8.  The Government instead argues, without citing authority, that Petitioner's assertion that he is entitled to process prior to any future re-detention "fails because the record contains no evidence that he was ever released from custody." Dkt. No. 7 at 5–6.  The Court disagrees and finds it is appropriate to order at this time that if Respondents re-detain Petitioner in the future, they must fully comply with the procedures set forth in 8 C.F.R. § 241.13(i), including a meaningful opportunity for Petitioner to know and contest the basis for his re-detention.

---

[2] *See, e.g., Lecky v. Bondi*, No. 2:25-CV-02637-TLF, 2026 WL 266066, at *5 (W.D. Wash. Feb. 2, 2026) (Government failed to provide evidence of an informal interview, revocation custody review, or evaluation of contested facts); *Nguyen v. Noem*, No. 5:25-CV-176, 2026 WL 237282, at *10 (S.D. Tex. Jan. 28, 2026) (Government failed to show petitioner received notice of OSUP revocation or any internal procedures to evaluate his changed circumstances justifying re-detention); *Hagos v. Noem*, No. 3:26-CV-150-JES-DEB, 2026 WL 202873, at *3–6 (S.D. Cal. Jan. 27, 2026) (Government failed to provide an opportunity to submit evidence contesting OSUP revocation and failed to show a basis for ICE's determination of changed circumstances); *Tran v. Bondi*, No. 2:25-CV-02335-DGE-TLF, 2025 WL 3725677, at *5–7 (W.D. Wash. Dec. 24, 2025) (Government re-detained petitioner without a basis to conclude that changed circumstances supported a reasonably foreseeable removal); *Rodriguez v. Bondi*, No. C25-2167RSM, 2025 WL 3466925, at *2–3 (W.D. Wash. Dec. 3, 2025) (Government could not "confirm whether Petitioner received an informal interview pursuant to 8 C.F.R. § 241.13(i)(3)").

[3] Nguyen's declaration was originally filed in *Nguyen v. Scott*, No. 2:25-cv-01398-TMC-SKV and is offered by Petitioner here.

ORDER ON HABEAS PETITION - 7

   *2. Notice and an opportunity to be heard must accompany any third-country removal.*

When the Government cannot remove a noncitizen to the country specified in their removal order, it may attempt to remove that person to a third country.  8 U.S.C. § 1231(b).  But in doing so, it must comply both with the INA and the Due Process Clause.  *Aden v. Nielsen*, 409 F. Supp. 3d 998, 1019 (W.D. Wash. 2019); *Kumar*, 2025 WL 3204724, at *2 (explaining such designations "are subject to the same mandatory protections that exist in removal proceedings.").  To comply with due process, the Government must provide sufficient notice and a meaningful opportunity for the noncitizen to present any claim of fear of persecution or harm upon removal to a designated third country.  *Id.*  The INA prohibits ICE from removing a noncitizen to any country where their "life or freedom would be threatened … because of [their] race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C. § 1231(b)(3)(A).  The Government must "make a determination regarding a noncitizen's claim of fear before deporting him."  *Aden*, 409 F. Supp. 3d at 1010; 8 U.S.C. § 1231(b)(3)(A).  Multiple courts in this district have held that, if a noncitizen claims fear of removal to a designated third country, the Government must allow them to pursue withholding of removal through reopened removal proceedings before an IJ.  *Aden*, 409 F. Supp. 3d at 1011; *Baltodano*, 2025 WL 2987766, at *3–4; *Nguyen v. Scott*, 796 F. Supp. 3d 703, 739 (W.D. Wash. 2025).

Against this legal backdrop, Petitioner requests an order requiring notice of any third-country removal and the opportunity to respond and contest that removal in reopened removal proceedings if he has a fear of persecution or torture in the selected country.  Dkt. No. 1 at 25.  In support, Petitioner cites a July 9, 2025 ICE policy memo, which allows for deportation of individuals to third countries "without any procedures for notice or an opportunity to be heard."  Dkt. No. 1 at 16–18.  Respondents do not dispute that their policy permits, in some instances, removal to a third country without notice and an opportunity to be heard, but argue that Petitioner's

ORDER ON HABEAS PETITION - 8

challenge is not ripe because he "provides no evidence that his speculative removal to a third country would result in imprisonment or harm." *See* Dkt. No. 7 at 6–7. As this Court has held in numerous cases, the problem with Respondents' argument is that, without a requirement that ICE notify Petitioner of its intent to remove him to a third country, Petitioner could be put on a plane without being told where he is going and would never have the chance to express a reasonable fear of persecution or torture or seek judicial intervention. Petitioner's fear of such a circumstance is not speculative, as such removals have been well documented by the courts and the press. *See e.g.*, *Nguyen*, 796 F. Supp. 3d at 733–74 (collecting cases); *Elshourbagy*, 2025 WL 3718993, at *9 (discussing Sarah Stillman, *Disappeared to a Foreign Prison*, The New Yorker (Dec. 12, 2025)). Moreover, here, Respondents informed Petitioner on at least one occasion that they intended to remove him to Uganda. Dkt. No. 8 ¶ 10.

As this Court and numerous others have consistently held, the procedures set forth in the July 9, 2025 ICE policy memo fall well short of what the *Aden* court and others in this district have found due process and the INA require. Thus, the Court will grant Petitioner's request for relief. Should Respondents take steps to remove Petitioner to a third country, they must provide him with written notice of their intent to do so and a meaningful opportunity to respond in reopened removal proceedings before an IJ under 8 U.S.C. § 1231(b)(3). *Nguyen*, 796 F. Supp. 3d at 727 ("'[B]oth the due process clause and the governing statute place the burden on the government—regardless of whether the country of deportation is designated during or after the removal hearing—to provide a meaningful opportunity to be heard on asylum and withholding claims.' This cannot be satisfied by simply allowing the noncitizen to file a motion to reopen their removal proceedings; rather, the removal proceedings must be reopened so that a hearing can be held.") (quoting *Aden*, 409 F. Supp. 3d at 1010–11)); *see also Andriasian v. I.N.S.*, 180 F.3d 1033, 1041 (9th Cir. 1999) ("last minute" country of removal designation "violated a basic tenet of constitutional due process"); *Ibarra-*

ORDER ON HABEAS PETITION - 9

*Perez v. United States*, 154 F.4th 989, 1000 (9th Cir. 2025) (permitting tort claim to advance based on third-country removal without due process).

        3.   *Petitioner's additional requests for injunctive relief are denied without prejudice.*

Petitioner seeks to enjoin Respondents from removing him "to any third country where he is likely to face imprisonment or other punishment upon arrival" on the basis that ICE's third-country removal policy is punitive, in violation of his Fifth and Eighth Amendment rights. Dkt. No. 1 at 22–25. As noted above, numerous courts, including this one, have held the Government's third-country removal policy is unconstitutional. *See, e.g.*, *Kumar*, 2025 WL 3204724, at *6; *Nguyen*, 796 F. Supp. 3d at 735 (collecting cases). In response, the Government merely argues that "the governing statutory and regulatory framework provides a specific process for addressing [Petitioner's] concerns." Dkt. No. 7 at 9. However, Respondents make no effort to distinguish the evidence in the record nor the growing body of case law demonstrating that the Government's compliance with this framework cannot be presumed. *See, e.g.*, Dkt. Nos. 1-2, 1-3; *Ibarra-Perez*, 154 F.4th 989.

It is well-established that the Government is prohibited from removing a person to a third country where they may be persecuted or tortured. *See, e.g.*, *Rodriguez-Fernandez v. Bondi*, No. 2:26-CV-00170-TMC, 2026 WL 445562, at *4 (W.D. Wash. Feb. 17, 2026). Nonetheless, the Court agrees with Respondents that the present record does not support the additional injunctive relief Petitioner seeks at this time. Rather, as detailed above, this order requires the Government to provide Petitioner with due process in effectuating any future third-country removal and the law already prohibits Petitioner's removal to a country where he may face persecution or torture. As such, on this record, it is not clear to the Court that additional injunctive relief is necessary to prevent irreparable injury. Nothing in this order prevents Petitioner from pursuing additional relief

if warranted by future events. *See Coke v. Bondi*, No. C26-71-MLP, 2026 WL 221514, at *4 (W.D. Wash. Jan. 28, 2026).

Petitioner also asks the Court to enjoin the Government from re-detaining him unless it (1) obtains a valid travel document for him; (2) provides the travel document to him and his counsel; and (3) offers him the opportunity to leave on his own within two months. Dkt. No. 1 at 25. As with his request to enjoin third-country removal, on this record, it is unclear that absent these procedures, Petitioner will suffer irreparable injury. This is especially so in light of the Court requiring the Government to comply with the regulations set forth in 8 C.F.R. § 241.13 should it make efforts to re-detain him. Thus, the Court will deny this request for injunctive relief. *See, e.g., Rodriguez-Fernandez*, 2026 WL 445562, at *6–7.

### III. CONCLUSION

The Court GRANTS Petitioner's habeas petition. Dkt. No. 1.

The Court further ORDERS:

1. Respondents are ORDERED to release Petitioner within **ONE DAY** of the date of this order in compliance with 8 U.S.C. § 1231 and not to re-detain him without compliance with 8 C.F.R. § 241.13(i) and 8 U.S.C. § 1231.

2. It is further ORDERED that if Respondents take steps to remove Petitioner to a third country, they must provide Petitioner with written notice of their intent to do so and a meaningful opportunity to respond in reopened removal proceedings before an immigration judge under 8 U.S.C. § 1231(b)(3).

//

//

//

ORDER ON HABEAS PETITION - 11

3. Within **THREE DAYS** of the date of this order, Respondents must provide the Court with a declaration confirming that Petitioner has been released from custody.

Dated this 10th day of April, 2026.

Kymberly K. Evanson
United States District Judge

ORDER ON HABEAS PETITION - 12